# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RANDY CUSTER,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0758** (BOR Appeal No. 2051926)
                         (Claim No. 2016018591)

**DULYEA DANNY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy Custer, by Lawrence E. Sherman Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dulyea Danny, by Katherine H. Arritt and Jeffrey B. Brannon, its attorneys, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for thoracic and lumbar paraspinal trigger point injections on October 14, 2016. The Office of Judges affirmed the decision in its March 14, 2017, Order. The Order was affirmed by the Board of Review on July 26, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Custer, a carpenter, was injured in the course of his employment on November 12, 2015, when he fell while climbing down an eight foot wall. The claim was held compensable for pain in the left shoulder and left hip. A July 12, 2016, treatment note by Lee Selznick, M.D., indicates Mr. Custer was seen for persistent neck and back pain as well as a left rotator cuff tear after falling at work. Dr. Selznick noted that a recent MRI of the lumbar spine showed multilevel spondylosis. He found no evidence of disc herniations, fractures, dislocations, deformities, or other traumatic findings. It was noted that Mr. Custer was walking with a cane. Dr. Selznick diagnosed lumbago, neck pain, and multilevel spondylosis. He noted that the symptoms were out

1

of proportion to the radiographic findings. Physical therapy and pain management were recommended.

Bill Hennessey, M.D., performed an independent medical evaluation on October 5, 2016, in which he found that the evidence supports a diagnosis of left posterior forearm abrasion, back abrasions, and a left rotator cuff tear. He found insufficient medical evidence to support any other diagnoses in the claim. Dr. Hennessey noted that the subjective complaints were out of proportion to the objective clinical findings. Dr. Hennessey found Mr. Custer was at maximum medical improvement and assessed 5% impairment for a rotator cuff tear.

On December 22, 2016, Alex Ambroz, M.D., performed an independent medical evaluation in which Mr. Custer reported pain in his lower back, left shoulder, left rib, and left hip. On examination, he had tenderness and decreased range of motion in the cervical and lumbar spine. Dr. Ambroz found Mr. Custer had reached maximum medical improvement for the compensable injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 5% left shoulder impairment, 8% lumbar spine impairment, and 5% cervical impairment. Dr. Ambroz opined that the claim should be opened for medical benefits.

The claims administrator denied thoracic and lumbar paraspinal trigger point injections on October 14, 2016. The Office of Judges affirmed the decision in its March 14, 2017, Order. It found that the claim is only compensable for left shoulder and left hip pain and there is no evidence that the treating physician has requested that the thoracic and lumbar spine be added as compensable components of the claim. Because the spine is not a compensable component of the claim, treatment for it cannot be authorized. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 26, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The claims administrator must provide medically related and reasonably required medical treatment under West Virginia Code § 23-4-3 (2005), and the treatment must be for an injury or disease received in the course of and resulting from employment. Since the thoracic and lumbar spine has not been added to the claim, treatment for such was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum